Case 1:15-cv-00384-AJ   Document 60   Filed 07/10/17   Page 1 of 4

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| CHRISTOPHER ROMANO, ET AL. : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Civil Action No. 1:15-CV-00384-AJ |
| : | |
| SITE ACQUISITIONS, LLC : | |
| : | |
| Defendant. : | |

## DEFENDANT'S MOTION IN LIMINE NO. 3
## (TO PRECLUDE DOCUMENTS CONSTITUTING INADMISSIBLE HEARSAY)

Defendant Site Acquisitions, LLC ("SAI"), by its attorneys, Preti, Flaherty, Beliveau & Pachios, PLLP, respectfully moves the Court to preclude Plaintiffs from introducing evidence constituting inadmissible hearsay, and in support thereof, states as follows:

Plaintiffs' exhibit list includes numerous documents which constitute inadmissible hearsay. SAI expects that hearsay issues involving significant matters will arise at trial. In some instances context may determine whether a party's claim of hearsay exception is accurate, but SAI maintains that certain documents included in Plaintiffs' exhibit list constitute hearsay, and if not preliminarily addressed here, could result in their introduction, injecting prejudice and confusion for which there may be no effective cure.

1. Hearsay is a statement, other than the one made by the declarant while testifying at trial, offered in evidence to prove the truth of the matter asserted. *See* Fed. R. Evid. 801. Rule 802 prohibits the admission of hearsay with limited exceptions. Unless the statement falls under a hearsay exception, *see id.* at 803 and 804, it is inadmissible.

12016911.2

2.    Plaintiffs identified various documents on their revised exhibit list[1] that constitute inadmissible hearsay, including Plaintiffs' list of towers each claims to have worked on; spreadsheets and other documents Plaintiff Carey obtained from SAI's computer network; and certain news articles.

3.    **News article (Ex. 18)**.  Plaintiffs seek to introduce a 2012 article apparently published from a news show, about the dangers of climbing cell towers.  The article makes no reference to the AT&T 2013 incentive bonus program, and there is no connection between the notion that cell tower work is dangerous and the incentive bonus program.  It is well settled that news articles constitute inadmissible hearsay.  *See Horta v. Sullivan*, 4 F.3d 2, 8 (1st Cir. 1993) (refusing to admit a newspaper article because "the newspaper account [was] hearsay within hearsay").[2]

4.    **Plaintiffs' tower lists (Exs. 58, 77, 80, 81, & 83)**.  Plaintiffs (with the exception of Matthews) seek to introduce into evidence documents stating the towers they worked on.  Plaintiff Carey created Exhibit 58, which purportedly lists the towers he worked on.  Exhibits 77, 80, 81, & 83 constitute Plaintiffs Carey, Romano, Petros, and Bruneau's interrogatory answers where each listed the towers he claims to have worked on.  Plaintiffs seek to use these out-of-court answers to prove their truth.  Plaintiffs cannot meet any hearsay exceptions that would allow the introduction of this evidence.  These documents should be excluded as inadmissible hearsay.  *See* Fed. R. Evid. 801.

---

[1] Since filing their exhibit list on June 16, Plaintiffs have submitted a revised exhibit list that has not yet been filed with the Court as counsel are endeavoring to work through objections.  As motions in limine are due and counsel have not yet resolved their differences, this motion addresses the exhibits on the revised list.  Defendant may assert additional grounds for objection and may object to other exhibits, as discussions proceed and during trial.

[2] Defendant reserves the right to object to this exhibit and any testimony on the topic, on the grounds that it is not relevant and it is intended to invoke sympathy and generate unfair prejudice against Defendant.

12016911.2

5.      **Spreadsheets that Plaintiff Carey obtained from SAI's computer network (Exs. 59-63)**.  Plaintiffs seek to introduce spreadsheets that Plaintiff Carey obtained from SAI's computer network, which purport to reference certain towers and money those towers earned.  Plaintiffs wish to use these spreadsheets for no other purpose than to prove the truth of the matters asserted therein.  Even assuming Plaintiffs are able to authenticate the spreadsheets, they cannot meet any hearsay exceptions that would allow the introduction of this evidence.  The spreadsheets should be excluded as inadmissible hearsay.  *See* Fed. R. Evid. 801.

6.      SAI respectfully requests that Plaintiffs be precluded from introducing hearsay evidence to which there are no exceptions at trial, including without limitation the above documents referenced in Plaintiffs' amended exhibit list identified as Exhibits 18, 58-63, 77, 80, 81, & 83.

7.      No memorandum of law is submitted as the authority is cited herein.

WHEREFORE, for the reasons set forth above, Defendant Site Acquisitions, LLC respectfully requests this Honorable Court:

A.      Preclude Plaintiffs from offering evidence containing inadmissible hearsay, including without limitation the documents referenced in Plaintiffs' amended exhibit list as Exhibits 18, 58-63, 77, 80, 81, & 83; and

B.      Grant such other relief as may be just and proper.

12016911.2

Respectfully submitted,

SITE ACQUISITIONS, LLC

By its attorneys,

PRETI, FLAHERTY, BELIVEAU &
PACHIOS, PLLP

Dated:  July 10, 2017                By: /s/ *Peter G. Callaghan*

Peter G. Callaghan, NH Bar # 6811
P.O. Box 1318
Concord, NH 03302-1318
(603) 410-1500
pcallaghan@preti.com

## CERTIFICATE OF SERVICE

I hereby certify this 10th day of July 2017 copies of the foregoing *Defendant's Motion in Limine No. 3 (to Preclude Documents Constituting Inadmissible Hearsay)* have been served on all counsel of record electronically via ECF.

/s/ *Peter G. Callaghan*
Peter G. Callaghan

4

12016911.2